# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CRYSTAL CLEAR IMAGING, LTD,

         Plaintiff,         :        Case No. 3:07-cv-441

                                            District Judge Walter Herbert Rice

      -vs-                      Chief Magistrate Judge Michael R. Merz

                             :

SIEMENS MEDICAL SOLUTIONS,
  INC., et al.,

         Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The parties to the above-captioned action, and any third-parties who may subsequently execute this Stipulated Protective Order, hereby agree as follows:

1.     During the course of this litigation, the parties have sought and may continue to seek the discovery of certain proprietary and confidential information and material from each other, as well as from third-parties.  The parties may also choose to use certain proprietary and confidential information in support of pleadings, at hearings, during depositions and at trial.

2.     Certain documents and information produced in this litigation may be considered "Confidential" if (a) the producing party considers the document or information to be proprietary, sensitive and/or of such nature that it is not generally known or capable of independent discernment; or (b) the producing party reasonably believes the document or information to be of such a nature that the use of such document or information by the other parties (whether parties to this action or otherwise) outside this litigation would give such party an unfair competitive advantage in the marketplace ("Confidential Material").

3.     All parties producing Confidential Material shall identify the material as such by marking each page of the document, or all confidential portions thereof, with a designation of "Confidential".

4.     Confidential Material is not to be used for any purpose other than the prosecution and defense of this litigation.  To that end, no Confidential Material produced by the parties may be revealed to any person other than (a) the parties, (b) the attorneys of record for the parties, (c) support staff of such attorneys, (d) the parties' officers or employees, (e) any expert whom the parties may wish to designate as a witness or consult, (f) persons who authored the document, (g) persons who had previously received a copy of the document, (h) the Court, (i) the Court's staff, (j) court reporters employed for purposes of recording deposition testimony, and (k) any person whose testimony is taken, or is to be taken, in this litigation, except that such a person may only be shown the Confidential Material during his or her testimony and in preparation therefor, and only to the extent necessary for the preparation of such testimony (collectively, "Qualified Persons").

5.     Each Qualified Person, except for the parties, the attorneys of the parties, the attorney's staff, the Court and the Court's staff, and any court reporter, shall be required to sign a "Confidentiality Agreement," attached hereto, if the Confidential Material is to be disclosed to such Qualified Person.  The original copy of each executed Confidentiality Agreement shall be maintained by the attorney revealing the Confidential Material to such Qualified Person.  Further, any attorney in possession of an executed Confidentiality Agreement shall forward each executed Confidentiality Agreement in his or her possession to opposing counsel within ten (10) days following a written request for same; or as ordered by the Court.

6.     All Qualified Persons shall keep all Confidential Material in a reasonably secure fashion, and shall take reasonable steps in accordance with usual business practices necessary to

limit access to such materials and any copies thereof to those individuals set forth in paragraph 3, above.

7. Each Qualified Person to whom Confidential Material is disclosed pursuant to this Protective Order or who hears testimony concerning the Confidential Material shall be advised that such information is being disclosed pursuant to, and subject to, the terms of a Protective  Order of the Court and that the sanctions for any violations of the Protective Order include penalties which may be imposed by the Court for contempt.

8. Except for use by Qualified Persons, no document or other written material which contains or makes reference to Confidential Material may be photocopied, transcribed electronically, or otherwise reproduced, summarized, or digested in any manner without the prior written approval of the party producing said document.  The person, corporation, partnership, association, trust or entity seeking such approval shall specify the reasons and circumstances underlying such request and shall certify that only those authorized to receive Confidential Material under the terms of the Protective Order, will receive Confidential Material as a result of such copying or reproduction.  For the purpose of this Protective Order, transmission by facsimile or other electronic means is deemed to be copying or reproduction.

9. Plaintiff, Defendants, or third-parties may designate deposition testimony, or any portion thereof, as "Confidential" by advising the court reporter and other counsel of such designation during the course of the deposition or within fifteen (15) days following receipt of the deposition transcript.

10. Plaintiff, Defendants, or third-parties may designate as "Confidential" specific responses to interrogatories, document requests, subpoenas, or to any specific request for admissions by labeling the specific response "Confidential."

11.     In the event any of such documents, interrogatory responses, testimony, information or other materials designated as "Confidential" are used in any Court proceeding herein, including depositions, they shall not lose their confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such documents, testimony, information or other materials designated as "Confidential" during such use.

12.     Confidential Material used in connection with any pleading, brief, motion, hearing or at trial in this action shall be filed under seal or submitted to the Court for *in camera* inspection or as the parties may agree or the Court directs.  In the event that counsel for any party in this case determines to file with or submit to the Court any Confidential material under seal, such information shall be in a sealed envelope on which a statement in substantially the following form shall be endorsed:

### CONFIDENTIAL INFORMATION

This envelope contains documents that are the subject of and protected by a Protective Order entered by the United States District Court for the Southern District of Ohio, in Case No. 3:07-cv-00441.  Disclosure of the information contained herein outside of the terms of such Protective Order is unlawful and in violation of Court Order.

All such materials so filed shall be maintained by the Clerk of the Court separate from the public record in this action and shall be released only upon further order of the Court.  Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

13.     Nothing contained in this Protective Order is meant to prohibit a party from challenging the confidential designation of a document through appropriate motion with the Court.

14.     The failure of a party to object to the designation at the time it receives Confidential Material shall not be deemed a waiver of that party's right to object to that designation at a later time.  A party objecting to the designation of Confidential Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  If such a motion is filed, the designating party shall bear the burden of demonstrating the proprietary of the designation.  While such application is pending, the material in question shall be treated as Confidential Material pursuant to the Protective Order.

15.     Nothing contained herein shall prevent a party who is in possession of Confidential Material from complying with a subpoena, governmental order, or other lawful process requiring disclosure of information produced in connection with this action.  However, prior to the disclosure of the Confidential Material, the party disclosing such information shall advise the party who initially produced the Confidential Material of the subpoena, governmental order, or other lawful process so that the party that produced the Confidential Material shall have an opportunity to seek to vacate, modify, or quash the subpoena, governmental order, or process.  To the extent practicable, the party seeking to produce the Confidential Material in compliance with the subpoena shall provide 10 days' notice in advance of the production.

16.     After final termination of all pending litigation relating to the above-captioned cause, whether by settlement or otherwise, each party and its counsel in possession of any Confidential Material shall return to opposing counsel all confidential materials within thirty (30) days following a request made in writing; or as ordered by the Court.  All notes, memoranda, summaries or other documents referring, describing, or relating to the documents, testimony, information or other materials designated as "Confidential" shall be destroyed.

This Stipulated Protective Order shall be entered as an order of this Court.

July 7, 2008.

s/ **Michael R. Merz**

Chief United States Magistrate Judge

Respectfully submitted,

| HUSCH BLACKWELL SANDERS, LLP | MARTIN, BROWNE, HULL & HARPER, P.L.L. |
|---|---|

By:    /s/Bryce J. Bartlett
          Adam Hirtz, admitted pro hac vice
          adam.hirtz@huschblackwell.com
          Bryce J. Bartlett, admitted pro hac vice
          bryce.bartlett@huschblackwell.com
          190 Carondelet Plaza, Suite 600
          St. Louis, MO 63105
          Office:  (314) 480-1500
          Fax No.:  (314) 480-1505

and

By:    /s/William R. Groves

          William R. Groves (0009440)
          Martin, Browne, Hull & Harper,
          P.L.L.
          One South Limestone Street, Suite
          800
          P. O. Box 1488
          Springfield, Ohio  45501-1488
          bgroves@martinbrowne.com
*Attorneys for Plaintiff Crystal Clear Imaging*

BIESER, GREER & LANDIS, LLP
          James H. Greer, Trial Attorney (004655)
          400 National City Center
          6 North Main Street
          Dayton, OH  45402-1908

*Attorneys for Defendant Siemens Medical
Solutions USA, Inc.*

VEDDER PRICE

By:    /s/John Zummo
          John Zummo, admitted pro hac vice
          Arlene Gellman, admitted pro hac vice
          jzummo@vedderprisce.com
          222 N. LaSalle Street, Suite 2200
          Chicago, IL 60601
          312-609-7853

THOMPSON HINE LLP

Victoria L. Nilles, Trial Attorney (0076616)
2000 Courthouse Plaza NE
P.O. Box 8801
Dayton, OH 45401
victoria.nilles@thompsonhine.com

*Attorneys for Counter-Plaintiff Siemens*
*Financial Services, Inc.*

## CONFIDENTIALITY AGREEMENT

The undersigned person hereby states, agrees and affirms that such person: (1) has been designated by _____ to receive and review Confidential Material; and (2) has read, is familiar with and bound by the terms and conditions of the Protective Order issued by the United States District Court for the Southern District of Ohio in Case No. 3:07-cv-411 ("Protective Order"); and (3) shall disclose and use the Confidential Material only as permitted by the Protective Order; and (4) shall not directly or indirectly disclose any Confidential Material to any other person, corporation, partnership, association, trust or entity or use Confidential Material for any other purpose except as permitted by the Protective Order; and (5) shall take all precautions to safeguard, cover and protect against such disclosure under penalty of law.

Dated: _____

_____
Signature

_____
Printed Name

# # #